2021 IL App (1st) 182701-U

SIXTH DIVISION
January 29, 2021

No. 1-18-2701

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 17636 |
| | ) | |
| MARCO ZAVALA, | ) | Honorable |
| | ) | Ramon Ocasio III, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Case remanded for proper admonitions under Illinois Supreme Court Rule 605(c).

¶ 2    On August 21, 2018, defendant Marco Zavala pleaded guilty to one count of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West Supp. 2017)) and was sentenced to three years in prison. He appeals, claiming that the matter should be remanded for proper postplea admonitions pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). For the following reasons, we agree and reverse and remand.

¶ 3                              I. BACKGROUND

¶ 4    Mr. Zavala was charged by indictment with one count of unlawful use of a weapon by a

felon, one count of possession of a controlled substance, and three counts of AUUW arising from an incident on October 24, 2017. During pretrial proceedings on August 21, 2018, defense counsel requested a conference under Illinois Supreme Court Rule 402(d) (eff. July 1, 2012). Following the conference, defense counsel advised the court that Mr. Zavala decided to plead guilty to one count of AUUW. Mr. Zavala submitted his jury waiver, and the State recited the factual basis for the plea.

¶ 5    The prosecutor stated that the evidence would show that on October 24, 2017, at approximately 3:34 p.m., police officers curbed Mr. Zavala's vehicle for "a minor traffic violation" near the 2500 block of Lombard Avenue in Cicero, Illinois. During the stop, Mr. Zavala could not provide a driver's license or insurance, and the officers arrested him. An "inventory search" of Mr. Zavala's vehicle revealed suspected cocaine, and he also admitted that a firearm was behind the center console, which the officers recovered. The firearm was uncased, loaded, and immediately accessible to Mr. Zavala, and he did not have a valid Firearm Owners Identification card or a concealed carry permit at the time of the stop. The State would also provide evidence that Mr. Zavala had a felony conviction in case No. 12 CR 14536.

¶ 6    The trial court accepted Mr. Zavala's guilty plea and sentenced him to three years in prison. The court then admonished Mr. Zavala as follows:

"Sir, this is a final and appealable order, which means if you want to exercise your right to appeal, you must within 30 days of today's court date file a written motion asking to withdraw or take back the guilty plea.

In the written motion, you must tell me all the reasons why I should allow you to do that. Anything you forget to put in the written motion I cannot consider and you waive for purposes of appeal.

If I did allow you to take back the guilty plea, all those allegations that were dismissed would be reinstated and the case would be set for trial and you would have your day in court.

However, if I did not allow you to take back the guilty plea, you would have 30 days from the time I denied the request to file a Notice of Appeal with the Appellate Court.

If you could not afford it, we would provide you an attorney and transcripts free of charge to help you exercise your right to appeal.

Do you understand your right to appeal?"

Mr. Zavala replied, "Yes, sir."

¶ 7 Mr. Zavala did not file a motion to withdraw his guilty plea. On January 4, 2019, this court permitted Mr. Zavala's *pro se* late notice of appeal and appointed appellate counsel. The State has asked us to dismiss this appeal on the basis that Mr. Zavala never filed the required postplea motion, seeking to withdraw his plea. Mr. Zavala argues that he was not properly admonished under Illinois Supreme Court Rule 605(c) and that, therefore, this case should be remanded for the purpose of proper postplea admonishments.

¶ 8 II. ANALYSIS

¶ 9 When a defendant pleads guilty following a negotiated plea, the trial court must give the defendant certain admonitions that are set out in Supreme Court Rule 605(c). Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Specifically, the court must inform the defendant:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for

the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon request of the State any charges that may have been dismissed as a part of the plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." *Id.*

¶ 10    If a defendant who pleaded guilty attempts to appeal without first filing a written motion to withdraw his plea, this court is generally precluded from addressing the merits and must dismiss the appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Where, however, the trial court failed to properly admonish a defendant pursuant to Rule 605(c), we will remand the case for the purpose of proper Rule 605(c) admonitions, and the defendant's case will proceed from there, with the defendant given a new opportunity to file a motion to withdraw his or her plea. *Id.* at 301.

¶ 11    The trial court must substantially comply with Rule 605(c) but is not required to read the rule verbatim to the defendant. *People v. Dominguez*, 2012 IL 111336, ¶ 22. Rather, the court must ensure that the admonitions were "sufficient to impart to a defendant the essence or substance of the rule" such that the defendant understands the necessary steps to preserve his appeal rights. *Id.*

Whether the trial court substantially complied with Rule 605(c) is a matter of supreme court rule interpretation that we review *de novo*. *People v. Henderson*, 217 Ill. 2d 449, 458 (2005).

¶ 12    Mr. Zavala argues that the court did not substantially comply respecting two specific subsections of Rule 605(c). First, he argues that the court erred in advising him that if he withdrew his plea, "all those allegations that were dismissed would be reinstated and the case would be set for trial." This is not an accurate description of what occurs if a plea is withdrawn. Rather, pursuant to subsections (c)(3) and (c)(4) of the rule, where, as in Mr. Zavala's case, there is a negotiated plea, he was supposed to have been admonished that "a trial date will be set on the charges to which the plea of guilty was made" and that "upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial." Ill. S. Ct. R. 605(c)(3), (c)(4) (eff. Oct. 1, 2001). Thus, Mr. Zavala is correct that the court erred in failing to make clear that the charges he pleaded guilty to would be set for trial and the additional charges that had been dismissed could also be set for trial at the State's request.

¶ 13    Of far more concern is Mr. Zavala's second specific argument, which is that the trial court did not tell him that he had a right to counsel in filing a motion to withdraw his plea under Rule 605(c)(5). After a defendant has been informed that he or she must file "a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty" (Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001)), they must then be admonished under Rule 605(c)(5) (eff. Oct. 1, 2001) that "if the defendant is indigent, *** counsel will be appointed to assist the defendant with the preparation of motions." The court said instead that Mr. Zavala had the right to appointed counsel to help him "exercise his right to appeal." Mr. Zavala's right and obligation to appeal is separate and distinct from his right and obligation to first file a postplea motion. The admonition that counsel would be appointed to aid Mr. Zavala on appeal did not necessarily mean to him that counsel could help him

file the appropriate postplea motions in the trial court. Mr. Zavala points out in his briefing that he made clear in his motion to file a late notice of appeal that his appeal was late because the law library where he was incarcerated was closed due to lockdowns. He argues that, if he had known about his right to appointed counsel to help him file a motion, the closed library would not have been a problem since counsel could have prepared and filed a timely postplea motion.

¶ 14    This court made clear long ago that the failure of the trial court to advise a defendant who is pleading guilty that the defendant had a right to counsel for his obligatory postplea motions requires a remand for proper admonishments. *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003). As we stated in that case, notwithstanding that the defendant was told that he had to take action within 30 days to withdraw his plea and that he had the right to an attorney for his appeal, the "defendant was still entitled to be informed of the availability of appointed counsel for postplea proceedings and his right to receive a transcript of the plea proceedings." *Id.* at 385. We recognized that "[w]here it is undisputed that [the] defendant was not so informed, there could not be substantial admonishment under Rule 605(c)." *Id.*

¶ 15    The State distinguishes *Lloyd* on the basis that the defendant in that case specifically argued that he did not file a motion within thirty days because he did not know how to file an appeal by himself and was therefore prejudiced by not being told he had a right to the help of counsel in filing his postplea motions. We see little difference between that case and this one, where Mr. Zavala's request to file a late notice of appeal specifically notes that he was hampered by the fact that the law library in his prison was closed. Counsel in this case argues that had Mr. Zavala been properly admonished, he would "have availed himself of such representation and filed a motion to withdraw his plea in a timely manner and in the proper legal form." To the extent that prejudice

from incomplete admonishments is a required showing, it is present in this case as it was in *Lloyd.*

¶ 16    The State  relies on our supreme court's decision in *People v. Dominguez*, 2012 IL 111336, which would certainly control if it were inconsistent with *Lloyd.* However, in *Dominguez*, the admonishments given "substantially complied" with the Rule 605(c) because, in addition to the incomplete oral admonishments, the defendant in that case received written admonishments that "did clearly indicate that counsel could be appointed to help him prepare his postplea motions." *Id.* ¶ 51. No such written admonishments were given in Mr. Zavala's case.

¶ 17    The State also suggests that *In re J.T.*, 221 Ill. 2d 338 (2006), might be relevant. However, in that case the defendant "did not file a timely notice of appeal from the order sentencing him to probation, a written motion to either withdraw his plea or reconsider his sentence, or a motion for leave to file a late notice of appeal." *Id.* at 346. That was the why our supreme court determined that "the appellate court had no jurisdiction to consider any issues arising from either his guilty plea or his sentence." *Id.* at 347. That case is also not controlling here.

¶ 18    Because the trial court failed to advise Mr. Zavala that he could have an attorney appointed on his postplea motions, this case is remanded for new admonitions in accordance with Rule 605(c).

¶ 19    Reversed and remanded for plea admonitions.