2025 IL App (2d) 240474
No. 2-24-0474
Opinion filed September 25, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2035 |
| JOHN S. CONE, | ) ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, John S. Cone, entered a negotiated plea of guilty to a single count of aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d)(1)(A) (West 2022)) and was sentenced to 24 months' probation. He filed a timely notice of appeal without moving to withdraw his plea. Defendant argues that the trial court failed to properly admonish him, under Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024), of his right to counsel to assist him with the preparation of a motion to withdraw his plea. He asks that the case be remanded to the trial court for proper admonitions. We agree that the admonitions were deficient, and we remand the case for further proceedings.

¶ 2                                                        I. BACKGROUND

¶ 3      Defendant entered his negotiated guilty plea on August 9, 2024. Privately retained counsel represented him. After pronouncing sentence, the trial court advised defendant as follows:

> "All right. Although you pled guilty, you have the right to appeal. In order to do so, you must first file a written motion in this [c]ourt within the next 30 days asking leave to withdraw your plea of guilty.
>
> You must list every reason you wish to withdraw your plea of guilty.
>
> Any reason not listed is deemed waived or given up forever.
>
> If you filed that motion and I agreed with you, I would allow you to withdraw the plea of guilty and any charges that were dismissed today would be reinstated and we would simply start going to trial.
>
> If I denied your motion, you could appeal my decision to the Illinois Appellate Court in the [S]econd [D]istrict.
>
> If you cannot afford an attorney on appeal, one would be provided for you and you would receive a free transcript of today's proceedings."

Defendant acknowledged that he understood his rights.

¶ 4      On August 13, 2024, trial counsel's firm filed a motion to withdraw, asserting that it had completed all legal work it was required to perform under its agreement with defendant and that, "as a post-judgment matter, the burden of responsibility now lies solely on [d]efendant to complete all terms on the judgment." On August 15, 2024, defendant filed his notice of appeal *pro se*. As noted, he never moved to withdraw his guilty plea.

¶ 5                                  II. ANALYSIS

¶ 6     Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) provides in pertinent part:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."

¶ 7     Rule 605(c) requires the trial court to admonish the defendant about the right to appeal and the steps necessary to exercise the right to appeal from a judgment entered on a negotiated guilty plea. Rule 605(c) provides in pertinent part:

> "In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> (1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024).

¶ 8       Rule 605(c) "must be strictly complied with in that the admonitions must be given to a defendant who has pled guilty." *People v. Dominguez*, 2012 IL 111336, ¶ 11. "Failure to do so requires remand for proper admonishment." *Id.* "However, the plain meaning of the rule requires only that a defendant be 'substantially' advised of the actual content of [the rule]." *Id.* A court satisfies this standard by advising a defendant in a manner that "impart[s] *** largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. We review *de novo* the sufficiency of admonitions under Rule 605(c). *Id.* ¶ 13.

¶ 9       Before considering the sufficiency of the admonitions in this case, we consider the State's arguments that we lack jurisdiction and that, by pleading guilty, defendant waived any claim of error pertaining to Rule 605(c) admonitions. According to the State, we lack jurisdiction because defendant failed to file a motion to withdraw his plea. Although a defendant's failure to file a timely motion to withdraw a negotiated guilty plea requires dismissal of an appeal from the judgment entered on the plea (*People v. Hayes*, 2022 IL App (2d) 210014, ¶ 34), the failure does not deprive the appellate court of jurisdiction (*People v. McKay*, 282 Ill. App. 3d 108, 111 (1996)). We explained in *McKay*:

"A Rule 604(d) motion is not jurisdictional in the same sense as a notice of appeal is essential to vest the appellate court with jurisdiction over a civil appeal. Jurisdiction has been defined as a court's authority to 'take cognizance of and decide cases' [citation] and 'exercise its power with respect to a particular matter' [citation]. Notwithstanding its jurisdiction, an appellate court may find an issue is waived for a variety of reasons. [Citations.] The underlying purpose of waiver is to preserve finite judicial resources by creating an incentive for litigants to bring to trial courts' attention alleged errors, thereby giving trial courts an opportunity to correct their mistakes. [Citation.] As such, the doctrine of waiver is an admonition to the parties, not a limitation on the appellate court's jurisdiction." *Id.*

¶ 10 Our supreme court has specifically endorsed this view. See *In re William M.*, 206 Ill. 2d 595, 601 (2003) (holding that *McKay* was correct that a Rule 604(d) motion is not required to vest the appellate court with jurisdiction in an appeal from a guilty plea). Significantly, under the well-recognized " 'admonition exception' " to the general rule requiring dismissal of an appeal for noncompliance with Rule 604(d)'s motion requirement, dismissal is improper where the trial court failed to properly admonish the defendant under Rule 605(c). *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 41 (2011). In such cases, the appellate court will remand to the trial court for further postplea proceedings rather than dismiss the appeal. *Id.* If the motion requirement were jurisdictional, dismissal would be mandatory in any case where the motion was absent.

¶ 11 We also reject the State's argument that, by pleading guilty, defendant waived any error pertaining to the admonitions. The principle that the State invokes is typically formulated as "a voluntary guilty plea waives all nonjurisdictional errors or irregularities." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). However, despite the breadth of this formulation, the case law makes clear

that only errors occurring *before* entry of the guilty plea are waived. See, *e.g.*, *People v. Stanley*, 50 Ill. 2d 320, 321-22 (1972) ("It is well established that a voluntary plea of guilty waives any *prior* defect other than those of a jurisdictional nature ***." (Emphasis added.)); *People v. Elam*, 39 Ill. App. 3d 705, 708 (1976) ("When a plea of guilty is voluntarily made, it admits every material fact alleged in the indictment and all the elements of the crime with which an accused is legally charged and it waives *prior* nonjurisdictional defects." (Emphasis added.)); *People v. Bassett*, 25 Ill. App. 3d 927, 931 (1975) ("[W]e note that the defendants entered a voluntary plea of guilty which, in Illinois, waives any nonjurisdictional defects in the *prior proceedings* against the defendants." (Emphasis added.)) To illustrate, in *People v. Siglar*, 18 Ill. App. 3d 381, 384 (1974), the court held that the defendant's guilty plea did not waive appellate review of whether his sentences conformed to the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1001-1-1 *et seq.*). The court reasoned that, "while the plea might waive prior defects, it could not possibly waive subsequent ones." *Siglar*, 18 Ill. App. 3d at 384. As noted, the "admonition exception" (see *Skryd*, 241 Ill. 2d at 41) implicitly confirms this understanding of the scope of the waiver that flows from a guilty plea. After all, in every case in which the exception is invoked, the defendant has pleaded guilty. If the guilty plea waived error in the admonitions, the exception would be a nullity.

¶ 12    Turning to the merits, the outcome of this appeal hinges primarily on the applicability of *Dominguez*, 2012 IL 111336, ¶¶ 51, 54, in which our supreme court rejected a challenge to the sufficiency of the trial court's Rule 605(c) admonition regarding the right to counsel to assist with preparation of the defendant's postplea motion. Defendant maintains that *Dominguez* is distinguishable. The State maintains that it is not. As explained below, we agree with defendant.

¶ 13    In *Dominguez*, the defendant entered a plea of guilty to a single count of predatory criminal sexual assault of a child and was sentenced to a 16-year prison term. *Id.* ¶¶ 1, 5. After imposing sentence, the trial court admonished the defendant as follows:

> " 'Sir, even though you have pled guilty and been found guilty, you have certain rights. Those rights include your right to return to the courtroom within 30 days to file motions to vacate your plea of guilty and/or reconsider your sentence. The motions must be in writing and contain all the reasons to support them. Any reasons not contained therein will not be preserved for purposes of appeal. Should your motion to vacate your plea of guilty be granted, your plea of guilty and the judgment I have entered thereon will be vacated, meaning erased. Your case will be set back down on the trial calendar for further proceedings. Should your motion to reconsider sentence be granted, you will be resentenced. In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.' " *Id.* ¶ 5.

After providing these admonitions, the court confirmed that the defendant had signed a written " 'acknowledgement of those rights.' " *Id.* The signed acknowledgement recited the language of Rule 605(c) nearly verbatim. *Id.* ¶ 6. The defendant filed a notice of appeal without first filing a postplea motion within 30 days. *Id.* ¶ 7. The appellate court dismissed the appeal. *Id.* ¶ 8.

¶ 14    On appeal to our supreme court, the defendant argued the trial court did not comply with Rule 605(c) because, *inter alia*, the court's admonition created the impression that the defendant was entitled to counsel only if his postplea motion were denied. *Id.* ¶ 47. The *Dominguez* court

rejected the argument, relying on *In re J.T.*, 221 Ill. 2d 338 (2006), and *People v. Dunn*, 342 Ill. App. 3d 872 (2003). *Dominguez*, 2012 IL 111336, ¶¶ 48-51.

¶ 15    In *Dunn*, the trial court admonished the defendant in relevant part:

> " 'Sir, you have a right to appeal. Prior to doing that, you have to file a motion to withdraw your plea of guilty within 30 days in writing setting forth all the reasons why you want me to allow you to withdraw your plea of guilty. Any reasons not set forth in your motion will be waived for purposes of appeal. If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge. If I allow you to withdraw your plea of guilty, all charges will be reinstated.' " *Dunn*, 342 Ill. App. 3d at 876.

The appellate court rejected the defendant's argument that the trial court "failed to admonish him that appointed counsel could help him draft postplea motions." *Id.* at 882. The court reasoned: "[The] admonitions reflect that a court-appointed attorney would be available for [the] defendant. The language used by the trial court was not the exact language employed by the rule; however, the trial court's admonitions did convey the substance of the rule." *Id.* Thus, the court found compliance with Rule 605(c), even though the defendant was not explicitly told that counsel would assist with the defendant's postplea motion.

¶ 16    In *J.T.*, a juvenile who had previously admitted to the allegations of a wardship petition appealed from an order revoking his probation, arguing that the trial court failed to comply with Rule 605[1] by neglecting, *inter alia*, to inform him during the plea hearing of his right to counsel

---

[1]The defendant argued that the trial court failed to comply with Illinois Supreme Court Rule 605(b) (188 Ill. 2d 605(b)) (*Jones*, 221 Ill. 2d at 347), but the supreme court instead applied Rule 605(c) because the defendant's plea to the revocation petition was negotiated (*id.* at 342).

to assist with postplea motions. *J.T.*, 221 Ill. 2d at 342, 344. The trial court's only reference to counsel was: " '[I]f you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge.' " *Id.* at 343. The supreme court stressed the procedural posture of the case: because the respondent did not raise the issue in an appeal from the delinquency finding itself, relief was available only by exercise of the court's supervisory authority, which was typically reserved for cases where "the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice." *Id.* at 347. Framing the relevant inquiry as "whether [the respondent] was prejudiced or denied real justice and therefore that 'fundamental fairness' requires the court to grant supervisory relief" (*id.* at 347), the court declined to exercise its supervisory authority (*id.* at 349).

¶ 17 The *J.T.* court explained that the respondent had been admonished that, if he wished to appeal, he had 30 days to do so but would first need to file a motion to withdraw his admission to the allegations of the delinquency petition. *Id.* at 347. The *J.T.* court concluded that, "[w]hile these admonitions did not strictly comply with Rule 605(c), they were sufficient to put [the respondent] on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *Id.* at 347-48. The court further noted, *inter alia*, that the respondent was "familiar with the criminal justice system" and had several opportunities to express an intention to withdraw his admission. *Id.* at 348. The court concluded that the respondent "chose not to appeal because he was satisfied with his sentence" and that the case was not one "where the normal appellate process cannot provide adequate relief, nor does it involve an issue important to the administration of justice." *Id.* The *J.T.* court did not specifically address the question of whether the admonitions were sufficient to inform the respondent of the right to counsel to assist with a postplea motion.

¶ 18    Although, unlike the *J.T.* court, the *Dominguez* court was not constrained by the limitations on the exercise of its supervisory authority, the *Dominguez* court drew guidance from *J.T.* After summarizing *J.T.* and *Dunn*, the *Dominguez* court reasoned as follows:

> "Here, as in both *J.T.* and *Dunn*, the trial court arguably did not explicitly inform [the] defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions. However, as in both those cases, the admonitions reflect that a court-appointed attorney would be available for [the] defendant. Thus, like in those cases, the trial court's admonitions did convey the substance of the rule to [the] defendant and complied with Rule 605(c)." *Dominguez*, 2012 IL 111336, ¶ 51.

¶ 19    The *Domiguez* court was not unaware that the analogy to *J.T.* was imperfect. In a footnote, the *Dominguez* court explained:

> "This court acknowledges that the procedural posture in *J.T.* is distinguishable from the instant case and informed much of the *J.T.* court's analysis when it came to issues such as prejudice, how much the respondent had been in court, etc. In that case, this court employed a fundamental fairness/prejudice analysis because the respondent had failed to file a timely notice of appeal, leave to file late notice of appeal, or motion to reconsider sentence/withdraw guilty plea and thus the appellate court had no jurisdiction, necessitating a supervisory order from this court.
>
> However, this court's finding that the 'admonitions did not strictly comply with Rule 605(c)' but 'were sufficient to put J.T. on notice that he could challenge his guilty plea and that some action on his part within 30 days was necessary if he wished to appeal' is informative of what the standard should be for determining whether a circuit court has properly admonished a guilty plea defendant under Rule 605(b) or (c) so as not to violate

due process. This applies to the substantive analysis of whether Rule 605(c) admonitions were adequate, separate and apart from the prejudice and 'fundamental fairness' issues at play in *J.T.* due to the request for a supervisory order." *Id.* ¶ 43 n.5.

Interestingly, although the *Dominguez* court specifically addressed whether the defendant was adequately informed of his right to counsel to assist with the preparation of a postplea motion, the *Dominguez* court—despite its reliance on *J.T.*—never acknowledged that the *J.T.* court *did not* specifically address the adequacy of the right-to-counsel admonition given to the respondent in that case.

¶ 20 Defendant argues that *Dominguez* is distinguishable. Defendant relies, in part, on *People v. Blackmon*, 2024 IL App (1st) 220586. In that case, the defendant entered a negotiated guilty plea and was sentenced per his agreement with the State. *Id.* ¶ 4. After imposing sentence, the trial court admonished the defendant as follows:

" '[E]ven though you plead guilty here today, you do have the right to appeal if within 30 days of today's date you file a written motion with the Clerk of the Circuit Court to withdraw your plea.

If I grant your motion, I will set your matters down for trial in [*sic*] the cases that were dismissed or modified pursuant to the agreement would be reinstated if the State requested that I do so.

If I deny your motion, you will have 30 days from the date of that denial to file a written notice of appeal.

If you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost to help with the appeal process; do you understand?' " *Id.*

¶ 21    As in this case, the defendant in *Blackmon* appealed without having filed the requisite postplea motion but claimed that he was not properly admonished that he had the right to counsel to help him prepare a postplea motion. *Id.* ¶¶ 4, 9. A divided panel remanded the case to the trial court to afford the defendant an opportunity, after proper admonitions, to move to withdraw his guilty plea. *Id.* ¶ 14. The court reasoned:

> "Both this court and the Fourth District have held that Rule 605(c) admonishments are insufficient if they suggest that a defendant will be appointed counsel only when his case reaches the appellate court. In *People v. Zavala*, 2021 IL App (1st) 182701-U, ¶¶ 13, 18, another panel of this court found that the trial court did not substantially comply with Rule 605(c) because it told the defendant that he 'had the right to appointed counsel to help him "exercise his right to appeal." ' Telling the defendant that counsel would be appointed 'on appeal did not necessarily mean to him that counsel could help him file the appropriate postplea motions in the trial court.' [Citation.] Similarly, in *People v. Murphy*, 2021 IL App (4th) 200523-U, ¶ 16, the Fourth District held that advising the defendant that he would be appointed counsel if he appealed after the denial of a postplea motion 'did not impart to defendant the "essence" of Rule 605(c)(5)—that he was also entitled to appointed counsel during postplea proceedings.' We find the reasoning of these decisions persuasive." *Id.* ¶ 10.

¶ 22    The court distinguished *Dominguez*, observing as follows:

> "In *Dominguez*, the defendant was provided with a written copy of the Rule 605(c) admonishments 'almost verbatim,' which he signed. [Citation.] There is no indication that occurred in this case. Furthermore, in *Dominguez*, the trial court's oral admonishments mentioned filing a motion to vacate the guilty plea and/or to reconsider the sentence five

times before the trial court concluded by telling [the] defendant that if such a motion was denied, then [the] defendant could appeal, and that, ' "we will give you an attorney free of charge, along with the transcripts necessary *for those purposes*." ' (Emphasis added.) [Citation.] Read as a whole, the trial court's admonishments emphasized the importance of filing a motion to vacate the guilty plea and encompassed that step in the 'purposes' for which counsel would be appointed. The trial court in *Dominguez* did not connect the appointment of counsel to 'the appeals ([*sic*]) process.' By contrast, in this case, the trial court's admonishments did connect the appointment of counsel with 'the appeals ([*sic*]) process' specifically and exclusively." *Id.* ¶ 11.

¶ 23    Justice Reyes dissented. *Id.* ¶ 16 (Reyes, J., dissenting). He found "no appreciable differences between the oral admonishments provided in this case and those found sufficient in *Dominguez*." *Id.* ¶ 24. Justice Reyes added:

"Nothing in *Dominguez* suggests that, in order to comply with Rule 605(c), the trial court must make an explicit statement that counsel could be appointed to assist specifically with postplea motions. Indeed, the supreme court upheld the admonishment in that case while expressly noting that the trial court's admonishment arguably did not contain such an explicit statement." (Emphasis omitted.) *Id.*

Justice Reye*s* found no merit to the majority's observation that (in Justice Reyes's words) "the trial court's admonishment in the instant case referenced the 'appeals ([*sic*]) process,' suggesting that this indicated that counsel would be appointed only if defendant filed an appeal." *Id.* ¶ 27. Justice Reyes reasoned that, "in both *Dominguez* and *J.T.*, our supreme court found admonishments sufficient even where they *arguably* made similar references." (Emphasis added.) *Id.*

¶ 24    As pertinent to this case, the admonition in *Blackmon* was closely analogous to the one given to defendant. Defendant asks us to follow *Blackmon*. The State responds that the dissent in *Blackmon* is better reasoned than the majority opinion. We disagree. The majority in *Blackmon* distinguished *Dominguez* on the basis that, in *Blackmon*, the admonition "connect[ed] the appointment of counsel with 'the appeals ([*sic*]) process' specifically and exclusively." *Id.* ¶ 11 (majority opinion). As noted, the dissent in *Blackmon* contended that the trial courts in *Dominguez* and *J.T.* "arguably made similar references" to the appellate process. *Id.* ¶ 27 (Reyes, J., dissenting). We are unpersuaded. In *Dominguez*, the trial court mentioned the right to counsel after explaining the deadline for appealing if the defendant's postplea motion were denied. *Dominguez*, 2012 IL 111336, ¶ 5. Although the admonitions could have been more explicit about the *extent* of the right to counsel, at worst, they were simply confusing. In contrast, the admonitions in *Blackmon* and this case gave the respective defendants no reason to believe they had any right to counsel to assist them with postplea motions—for this particular right, their admonitions were worthless.

¶ 25    Although the admonitions in *J.T.* were similar to those in this case and *Blackmon*, the ultimate question in *J.T.*, as the *Dominguez* court recognized, was not whether the admonitions complied with Rule 605(c), but whether the circumstances of the case warranted exercise of the supreme court's supervisory authority. See *id.* ¶ 43 n.5; *J.T.*, 221 Ill. 2d at 347-48. That question hinged on considerations of fundamental fairness that did not apply in *Blackmon* and do not apply here. The *J.T.* court concluded only that the admonitions in that case "were sufficient to put [the respondent] on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *J.T.*, 221 Ill. 2d at 348. *Dominguez* indicated that this language was "informative" of the substantive standard for evaluating compliance with Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 43 n.5. It does not follow, however, that *Dominguez*

reduced the question of compliance to that simple formula regardless of how far the admonitions in a particular case depart from the specific requirements of the rule. In our view, *Dominguez* is distinguishable here just as it was distinguishable in *Blackmon*. We further conclude that *Dominguez*'s reliance on *J.T.* does not negate the legal significance of the differences between the admonitions given in *Dominguez* and those given here.

¶ 26    Moreover, in *Dominguez*, the defendant signed a written acknowledgment of his appeal rights, which recited the language of Rule 605(c) nearly verbatim. *Id.* ¶¶ 5-6. Although the *Dominguez* court did not specifically mention the written acknowledgment in its discussion of the admonition regarding the right to counsel, the court offered the general observation that written admonishments "can serve to supplement or complement the oral admonishments required under the rule" and "may inform the court's analysis of whether a defendant has been substantially advised under [the rule]." *Id.* ¶ 27. "[W]ritten admonishments, while not acceptable as a total substitute for required oral admonishments, can be of value where incomplete oral admonishments may have been given." *Id.* ¶ 30. Arguably, the absence of written admonishments further distinguishes this case from *Dominguez*. See *Blackmon*, 2024 IL App (1st) 220586, ¶ 11 (majority opinion). But see *id.* ¶ 25 (Reyes, J., dissenting) ("The supreme court's finding of substantial compliance [in *Dominguez*] was *** reached before its consideration of the written admonishment, which merely strengthened its conclusion.").

¶ 27    The State argues that *Blackmon* is distinguishable because appointed counsel represented the defendant in that case, whereas here defendant had retained counsel. Nothing in Rule 605(c) suggests that the sufficiency of admonitions depends on whether the defendant was represented by retained counsel or appointed counsel when entering a plea. Furthermore, the State offers no

explanation why the distinction is legally significant. Moreover, in its motion to withdraw, counsel's firm made clear that it owed no further obligation to defendant.

¶ 28    The State argues that this case is governed by our unpublished order in *People v. Aguirre,* 2022 IL App (2d) 200598-U, and that the principle of *stare decisis* counsels that we adhere to *Aguirre*'s reasoning. According to the State, "[i]n *Aguirre*, the trial court admonished the defendant using the same language as the trial court did in this case." The argument is wrong on both counts. First, "[t]he doctrine of *stare decisis* expresses the policy of the courts to stand by *precedents* and not to disturb settled points." (Emphasis added and internal quotation marks omitted.) *People v. Colon*, 225 Ill. 2d 125, 145 (2007). However, although unpublished orders issued under Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021) on or after January 1, 2021, may be cited for persuasive purposes, they are "not precedential except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case" (Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021)). Because *Aguirre* was not precedential, the principle of *stare decisis* does not apply.

¶ 29    Second, contrary to the State's argument, the admonitions found sufficient in *Aguirre* differed significantly from those given here. In *Aguirre*, the trial court admonished the defendant as follows:

> " 'Sir, although you pled guilty, you still have a right to appeal my sentence. If you decide to do that, you have to file a motion to withdraw your plea in writing in 30 days in the clerk [*sic*].
>
> In the motion, you have to set forth all the grounds, the legal grounds that you feel are appropriate. Anything not in the motion is deemed waived on appeal. I would then have a hearing. And if I granted your request, all of the charges would be reinstated and set for trial.

> If I denied it, you would have 30 days to file what is called a notice of appeal. If you could not afford an attorney, one would be appointed and I would get you a free transcript of everything that you did here.' " *Aguirre*, 2022 IL App (2d) 200598-U, ¶ 6.

Unlike the admonitions in this case and *Blackmon*, the trial court in *Aguirre* did not connect the appointment of counsel specifically and exclusively to the appeal process.

¶ 30 Citing *People v. Thompson*, 375 Ill. App. 3d 488 (2007), the State argues that, because defendant has not shown how the deficient admonitions prejudiced him, he is not entitled to relief. *Thompson* is inapposite. It dealt with compliance with Illinois Supreme Court Rule 402 (eff. July 1, 2012), which provides admonitions that must be given *before* a defendant enters a guilty plea. *Thompson*, 375 Ill. App. 3d at 492. *Thompson* noted that "whether an imperfect admonishment requires reversal depends on whether real justice has been denied or whether the inadequate admonishment prejudiced the defendant." *Id.* at 493. In contrast, where defective Rule 605(c) admonitions are given, the defendant is entitled to a remand without showing prejudice. See *Dominguez*, 2012 IL 111336, ¶ 21 n.4 (contrasting Rule 605(c) with Illinois Supreme Court Rule 605(a), (b) (eff. Oct. 1, 2001) and noting that only Rule 605(a)—which prescribes admonitions given after judgment and sentence following a not-guilty plea—requires a showing of prejudice from deficient admonitions before a remand is ordered).

¶ 31                                  III. CONCLUSION

¶ 32 For the reasons stated, we remand to the trial court for defendant to receive proper admonitions under Rule 605(c) and for such further proceedings as may be necessary under Rule 604(d).

¶ 33 Remanded with directions.

*People v. Cone*, **2025 IL App (2d) 240474**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-CF-2035; the Hon. Donald M. Tegeler Jr., Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Sade V. Edwards, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Kristina L. Jackson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |