2026 IL App (2d) 250172-U
No. 2-25-0172
Order filed June 8, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

DEVONTAE TRIPP, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald M. Tegeler Jr., Judge, Presiding.
No. 23-CF-2259

JUSTICE McLAREN delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's postplea admonishments under Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024) were defective because they failed to convey that defendant had the right to counsel to assist in preparing a postplea motion. Although defendant did have counsel for his subsequent postplea motion, we must reverse the denial of the motion regardless of whether the defective admonishment prejudiced defendant. We remand for proper Rule 605(c) admonishments and the opportunity to file a new postplea motion with the assistance of counsel.

¶ 2    Defendant, Devontae Tripp, entered a negotiated plea of guilty to a single count of attempted robbery (720 ILCS 5/8-4(a), 18-1(a) (West 2022)) and was sentenced to 18 months' probation and 156 days in jail with credit for time served. He filed a *pro se* motion to withdraw his guilty plea. New counsel represented defendant during the postplea proceedings. Following a hearing, the trial court denied defendant's motion. On appeal, defendant contends that the case

must be remanded for new postplea proceedings because (1) the record rebuts postplea counsel's facially valid certificate indicating that she fulfilled her obligations under Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024), and (2) the court failed to substantially comply with the admonition requirement of Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024). For the reasons that follow, we reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4     On October 23, 2023, defendant was charged by complaint with one count of robbery (720 ILCS 5/18-1(a) (West 2022)) and one count of theft (*id.* § 16-1(a)(1)(A)), stemming from an incident that occurred in Elgin on October 19, 2023, during which he allegedly took money from someone. On February 14, 2024, the complaints were superseded by indictments on the same charges. Assistant Public Defender Cecily Carlin represented defendant.

¶ 5     On November 13, 2024, defendant agreed to plead guilty to an amended charge of attempted robbery (*id.* §§ 8-4(a), 18-1(a)). At the outset of the plea proceedings, Assistant Public Defender Christoper Sparks advised the trial court that he was "stepping up" for Carlin. The court stated, "Well, I have an order amending the [c]omplaint on 23 CF 2259 to a Class 3 attempt robbery. Any objections?" Sparks replied, "No. That is my understanding of the deal."

¶ 6     The trial court next addressed defendant, stating,

> "I'm told you're pleading guilty to *attempt burglary*, a Class 3 felony. That is punishable
> by 2 to 7 years in the Department of Corrections; 7 to 14 years would be the extended term,
> should it apply. There would be a 6-month mandatory supervised release term and a fine
> not to exceed $25,000. This is a probationable offense." (Emphasis added.)

Defendant indicated that he understood the possible penalties. Next, the court stated, "I'm showing you a plea of guilty to the charge of *attempt burglary*, a Class 3 felony. Did you sign this plea of

guilty?" (Emphasis added.) Defendant said yes. (The plea of guilty form stated the offense as "Attempt Burglary" but cited the correct statute (namely, for attempted robbery); it did not include the agreed-upon sentence.) The court then reviewed the constitutional rights defendant would be giving up if he pleaded guilty. Defendant confirmed that he was giving up those rights freely and voluntarily. He also told the court that no one had promised him anything other than what was outlined in the plea agreement and that no one was forcing him to plead guilty. The court reviewed the possible collateral consequences defendant could face because of a guilty plea.

¶ 7 Thereafter, the trial court heard the factual basis. The State advised that, "[i]f this matter were to proceed to trial, the State would prove beyond a reasonable doubt that the [d]efendant *** committed the offense of *attempt robbery*." (Emphasis added.) The State indicated that witnesses from the Elgin Police Department would testify that, on or about October 19, 2023, defendant "was walking with another person and took a substantial step towards the commission of a robbery when he pushed him down to the ground and tried to reach into his right pocket where there was $700 currency." Defense counsel responded, "So stipulated for purposes of the plea."

¶ 8 The trial court asked defendant whether he was pleading guilty or not guilty to attempted robbery. Defendant replied, "Guilty." The court found that there was a sufficient factual basis for the plea and that defendant entered into the plea agreement freely and voluntarily. (Before accepting defendant's guilty plea, the court did not first confirm the terms of the plea agreement with defendant.)

¶ 9 The State indicated that defendant had two matters pending (case Nos. 24-CF-847 and 23-CM-1833) that would be nol-prossed as part of the guilty plea. The trial court entered a judgment of conviction of attempted robbery. It sentenced defendant to 18 months' probation and 156 days in jail with credit for time served.

¶ 10    After accepting the plea and imposing sentence, the trial court admonished defendant as follows:

"Although you have pled guilty, you do have a right to appeal. In order to do so, you must first file a written motion in this court within the next 30 days asking leave to withdraw your plea of guilty. You must list every reason you wish to withdraw your plea of guilty. Any reason not listed is deemed waived or given up forever.

If I agreed with you, I would allow you to withdraw your plea of guilty. Any charges that were dismissed today would be reinstated and we would start going to trial. If I denied your motion, you could appeal that decision to the Illinois Appellate Court for the Second District.

If you could not afford an attorney on appeal, one would be provided for you, and you would receive a free transcript of today's proceedings.

Do you believe you understand your rights?"

Defendant indicated that he understood his rights and had no questions for the court.

¶ 11    On December 11, 2024, defendant filed a *pro se* motion to withdraw his guilty plea, consisting of two separate pages. The first one was a handwritten narrative on a blank sheet of paper, with the words "Motion Withdraw Guilty Pled [*sic*]" on the top. In it, defendant alleged that his public defender represented him "wrong" because he told her "to do a speedy trial," but she did not "put in [for] it." He claimed that "[t]he reason [he] was doing speedy trail [*sic*] or going for it [was] [b]ecause [he] knew the court had a MS understanding [*sic*]." Defendant claimed that he told counsel that he and the victim were "long term friends" and often "hung around." On the day of the offense, defendant learned that the victim had found defendant's misplaced marijuana. When the victim, who had been drinking, refused to return the marijuana to defendant,

defendant "snach [*sic*] [the] marijuana out of [the victim's] pocket." According to defendant, despite hearing defendant's side of the story, counsel "continue[d] to take [the friend's] side of saying I rob[bed] him." Defendant said that he fought the case for 13 months and believed it should have been "thrown out." He asserted that he pleaded guilty "for 18 monts [*sic*] of probation in [*sic*] for the courts to throw out 2 other minor cases that was [*sic*] on the table." He wanted to withdraw his plea because he "was misunderstood threw [*sic*] this case" and wanted "to take a felony off [his] [b]ackground." Defendant concluded, "I took the deal [j]ust to fight the case out of [j]ail."

¶ 12    The second page was a court-provided "Motion" form. Defendant wrote in "withdraw guilty plea." Defendant explained that he wanted to withdraw his guilty plea because he (1) "was unfairly represented by [his] public defender on numerous occasions," (2) "felt pressured to take a plea," and (3) "was misunderstood throughout the duration of the case."

¶ 13    On December 18, 2024, the parties appeared before the trial court. Attorney Judy Kullenberg[1] appeared on behalf of defendant. Kullenberg advised the court that she "ha[d] the transcript" and had spoken with the State, but that she needed to speak with defendant. The court continued the matter to January 16, 2025, for status and to February 21, 2025, for further status.

¶ 14    On February 21, 2025, Kullenberg advised the trial court that she would be adopting defendant's motion. She stated: "I'm not filing anything additional, although I do owe the court a certificate which I can get on file today." The matter was continued to April 16, 2025, for a hearing.

¶ 15    On March 28, 2025, Kullenberg filed a Rule 604(d) certificate, which was dated March 17, 2025. It stated:

---

[1]Kullenberg is identified elsewhere in the record as an assistant public defender.

"1. I have consulted with *** [d]efendant in person, by mail, by phone or by electronic means to ascertain *** defendant's contentions of error in the entry of the plea of guilty and in the sentence.

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 16    On April 16, 2025, the trial court held a hearing on defendant's motion to withdraw his guilty plea. Defendant testified. After the defense rested, the State moved for a directed finding. The court granted the State's motion for a directed finding and denied the motion to withdraw the guilty plea. Defendant filed a timely notice of appeal.

¶ 17                                    II. ANALYSIS

¶ 18    Defendant raises two arguments on appeal. First, defendant contends that the case must be remanded for new postplea proceedings because the record rebuts counsel's certification that she fulfilled her obligations under Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). According to defendant, although postplea counsel filed a facially valid certificate, the record rebuts it because counsel failed to amend the motion to (1) include a claim that the trial court failed to properly admonish defendant in accordance with Illinois Supreme Court Rules 402(a) and (b) (eff. July 1, 2012) and (2) clarify defendant's claims of ineffective assistance of counsel. Second, defendant contends that the matter must be remanded for new postplea proceedings because the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024). We agree with defendant's second argument. Because it is dispositive, we need not consider his first argument.

¶ 19    Defendant contends that the trial court failed to substantially comply with Rule 605(c), because it did not admonish him of his right to counsel to assist him with the preparation of a motion to withdraw his plea.

¶ 20    Rule 605(c) provides in pertinent part:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant *and counsel will be appointed to assist the defendant with the preparation of the motions*; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." (Emphasis added.)  Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024).

¶ 21 "Rule 605(c) 'must be strictly complied with in that the admonitions must be given to a defendant who has pled guilty.' " *People v. Cone*, 2025 IL App (2d) 240474, ¶ 8 (quoting *People v. Dominguez*, 2012 IL 111336, ¶ 11). " 'Failure to do so requires remand for proper admonishment.' " *Id.* (quoting *Dominguez*, 2012 IL 111336, ¶ 11). A court satisfies Rule 605(c) "by advising a defendant in a manner that 'impart[s] *** largely that which is specified in the rule, or the rule's "essence," as opposed to "wholly" what is specified in the rule.' " *Id.* (quoting *Dominguez*, 2012 IL 111336, ¶ 19). We review *de novo* the sufficiency of admonitions under Rule 605(c). *Id.*

¶ 22 Here, the trial court's only reference to the assistance of counsel was made when the court was discussing defendant's right to appeal. The court stated: "If you could not afford an attorney on appeal, one would be provided for you, and you would receive a free transcript of today's proceedings." The court did not admonish defendant that counsel would be appointed to assist him with the preparation of his motion to withdraw his guilty plea.

¶ 23 Based on our court's recent decisions in *Cone*, 2025 IL App (2d) 240474, and *People v. Hernandez*, 2025 IL App (2d) 250062-U[2], the trial court's admonishments did not comply with Rule 605(c). In *Cone*, the defendant entered a negotiated guilty plea to aggravated driving under the influence and was sentenced to 24 months' probation. *Cone*, 2025 IL App (2d) 240474, ¶ 1. The proceedings took place before the same trial judge involved in the present case, and the judge gave the same postplea admonitions—nearly verbatim—as were given here. *Id.* ¶ 3. The defendant appealed *pro se* without first moving to withdraw his guilty plea. *Id.* ¶¶ 1, 4. On appeal,

---

[2]Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Jan. 1, 2021) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

the defendant argued that the trial court failed to properly admonish him under Rule 605(c) and asked that the matter be remanded for proper admonishments. *Id.* ¶ 1. We held that "the admonitions *** gave the *** defendant[ ] no reason to believe [he] had any right to counsel to assist [him] with postplea motions—for this particular right, [the court's] admonitions were worthless." *Id.* ¶ 24. We remanded for the trial court to provide defendant with proper admonitions under Rule 605(c) and to conduct further proceedings under Rule 604(d). *Id.* ¶ 32.

¶ 24 In *Hernandez*, the defendant entered a negotiated guilty plea to one count of predatory criminal sexual assault of a child and two counts of aggravated criminal sexual abuse. *Hernandez*, 2025 IL App (2d) 250062-U, ¶ 2. The trial court admonished the defendant that if his postplea motion was denied, and if he could not afford an attorney, the court would appoint one to assist " '*with that part of the case*,' " namely, an appeal. (Emphasis in original.) *Id.* ¶ 4. The defendant appealed without first filing a motion to withdraw his guilty plea. *Id.* ¶ 5. We found that the admonitions were deficient because the court's language "specifically and exclusively connect[ed] the appointment of counsel to the appeals process." *Id.* ¶ 28. We remanded for proper admonitions under Rule 605(c) and further proceedings under Rule 604(d). *Id.* ¶ 37.

¶ 25 Here, as in *Cone* and *Hernandez*, the trial court's admonitions were deficient because they gave defendant no reason to believe that, if he were indigent, counsel would be appointed to assist him with the preparation of a postplea motion; instead, the admonitions connected the appointment of counsel to the appeals process. Nevertheless, the State contends that "[t]he holdings in *Cone* and *Hernandez* have no bearing on this case." According to the State, "Rule 605(c) admonishments are a prophylactic for a defendant's right to counsel and right to appeal." The State argues that, because "defendant was appointed counsel and perfected his appeal," defendant

"was able to fully exercise his constitutional rights." Thus, according to the State, "additional admonishments would not provide any more safeguards."

¶ 26 To be sure, unlike the defendants in both *Cone* and *Hernandez*, defendant here filed a *pro se* motion to withdraw his guilty plea and was represented by counsel during the postplea proceedings. (We note that there is no indication in the record that the trial court actually *appointed* new counsel for defendant; rather, Kullenburg simply appeared on defendant's behalf on December 18, 2024, after defendant filed his *pro se* motion to withdraw his guilty plea.) However, in *Cone*, we made clear that "where defective Rule 605(c) admonitions are given, the defendant is entitled to a remand *without showing prejudice*." (Emphasis added.) *Cone*, 2025 IL App (2d) 240474, ¶ 30. In support, we cited *Dominguez*, 2012 IL 111336, ¶ 21 n.4, wherein our supreme court specifically distinguished defective admonitions under Rule 605(a) from those under Rule 605(b) and (c), noting that a showing of prejudice is required for remand only in the former case. We held similarly in *Hernandez*. See *Hernandez*, 2025 IL App (2d) 250062-U, ¶¶ 33-35 (rejecting the State's argument that, where the defendant suffered no prejudice from the trial court's defective Rule 605(c) admonishments, remand was not required). We adhere to these decisions.

¶ 27 Defendant's reliance on *People v. Murphy*, 2021 IL App (4th) 200523-U[3], does not warrant a different conclusion. There, the defendant was not admonished that he had the right to have counsel assist in preparing a motion to withdraw his guilty plea. *Id.* ¶ 5. The defendant filed an untimely *pro se* motion to withdraw his plea, and the trial court appointed counsel, who filed an amended motion. *Id.* ¶¶ 6-7, 9. Following a hearing, the trial court denied the amended motion.

---

[3]Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Jan. 1, 2021) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

*Id.* ¶ 10.  On appeal, the defendant argued that the matter should be remanded for new postplea proceedings because of the faulty admonishments.  *Id.* ¶ 12.  The State argued, among other things, that any issues flowing from the deficient admonition had been remedied because the defendant ultimately received postplea counsel and filed an amended motion to withdraw.  *Id.* ¶ 23.  The reviewing court rejected that argument, noting that, because the defendant failed to file his motion within 30 days of the judgment, the trial court lacked jurisdiction to hold the hearing.  *Id.*  The court reversed and remanded for new postplea proceedings, including proper Rule 605(c) admonitions and the opportunity for the defendant to file a new postplea motion.  *Id.* ¶ 25.

¶ 28    The State seems to suggest that, because *Murphy* relied on the trial court's lack of jurisdiction to hold the hearing on the motion, rather than on *Dominguez*'s statement that prejudice need not be established, the implication is that inadequate Rule 605(c) admonishments *can* be cured.  However, another equally reasonable interpretation is that the reviewing court was simply rejecting the State's argument that any issues flowing from the inadequate admonishments *were* cured, given the trial court's lack of jurisdiction over the proceedings.  In any event, given our holding in *Cone* that, "where defective Rule 605(c) admonitions are given, the defendant is entitled to a remand *without showing prejudice*," we need not speculate as to what the Fourth District's ruling may or may not have implied on the issue of prejudice.  (Emphasis added.)  *Cone*, 2025 IL App (2d) 240474, ¶ 30; see also *Hernandez*, 2025 IL App (2d) 250062-U, ¶ 35.

¶ 29                        III. CONCLUSION

¶ 30    Accordingly, we reverse the judgment of the circuit court of Kane County.  We remand to the trial court for defendant to receive proper admonitions under Rule 605(c) and the opportunity to file a new postplea motion with the assistance of newly appointed counsel.  Given this

conclusion, we need not consider defendant's argument that counsel failed to fulfill her obligations under Rule 604(d).

¶ 31       Reversed and remanded with directions.